UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FELICIA LE SANE,

        Plaintiff,

vs.

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, SERGEANT
ALEXANDER O. CROUCH, OTHER
NEW YORK CITY POLICE DEPARTMENT
OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN

        Defendants.
------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff FELICIA LE SANE, by her attorney, Donaldson, Chilliest & McDaniel, LLP, complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff FELICIA LE SANE is a African American female, natural born American citizen with no criminal record and, prior to this incident, no arrests. Plaintiff, while doing nothing illegal, improper or suspicious, was deprived of her constitutional and common law rights when Sergeant Crouch arrested her without probable cause as a result of false allegations made by claimant's family member as

1

revenge due to the disgruntled family member losing an unrelated action in Housing Court to claimant and other members of her family. The allegations were originally reported to the 32nd precinct and thoroughly investigated, at which point the allegations were found baseless and no further action was taken. The disgruntled family member then made the same allegations to the NYPD Internal Affairs Division who transferred it to the Inspections Division. Merely on the complaint of the family member and without further investigation, Sergeant Crouch, then, of the Inspections Division charged claimant with Aggravated Harassment. As a result, Claimant was suspended without pay for two weeks from her employment, lost her family medical benefits and was required to attend court on a monthly basis from September through April when the court finally dismissed the action. The individual unlawful acts listed above, have caused Plaintiff to become physically, psychologically, emotionally, economically and socially injured and prosecuted for crimes that she did not commit until the charged crimes were ultimately dismissed dropped and/or abandoned.

## JURISDICTION

2. This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C.

§1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff FELICIA LE SANE was and still is a resident of the borough of Manhattan, county of the New York, New York City, New York.

6. Plaintiff FELICIA LE SANE is a native born United States citizen.

7. At all times relevant herein, defendant SERGEANT ALEXANDER O CROUCH, was and still is a police officer of the New York City Police Department assigned to the PSA 5 in the borough of Manhattan and county of New York, City and State of New York.

8. At all times relevant herein, defendant SERGEANT ALEXANDER O CROUCH was acting in the capacity of agent, servant and employee of defendants NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

9. At all times relevant herein, the Sergeant Crouch was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful function in the course of his duties. He was acting for and on behalf of defendant

NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in him as an officer, agent and employee of defendant NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of his duties as officer, employee and agent of defendant NEW YORK CITY POLICE DEPARTMENT.

10. In the alternative, at all times relevant hereto, the individual police officer defendant was acting individually and is also being sued herein in his individual capacity.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by defendant NEW YORK CITY POLICE DEPARTMENT.

## STATEMENT OF FACTS

12. On or about June 15, 2007, plaintiff FELICIA LE SANE and other members of her family were brought to New York City Housing Court as a claim made by a disgruntled family member regarding an apartment formerly rented by Plaintiff LeSane's deceased mother. The action was decided in Plaintiff LeSane's favor. Plaintiff's aunt, one of the disgruntled family members against whom the above referenced action was decided, made a complaint to the 32nd precinct that Plaintiff, committed an aggravated harassment against her. The 32nd precinct thoroughly

investigated the claim, found it baseless, and no further action was taken. The disgruntled aunt then made the same claim to the Internal Affairs Division of the New York Police Department. The Internal Affairs Division turned the information over to the Inspections Division of the New York Police Department for investigation. Based solely upon the allegations made by the disgruntled family member, Defendants removed Plaintiff from her place at work, had her delivered to PSA 45 and arrested her in front of colleagues, including one who formerly served as a superior officer at the 32nd precinct where Plaintiff currently works, and who is professionally familiar with Plaintiff and numerous of her current co-workers. Defendants made the arrest without any investigation of their own or reviewing the previous investigation of the 32nd Precinct.

13. Plaintiff was then taken to Central Booking where she was forced to spend 6 hours until her release was procured.

14. Further Plaintiff was placed on an employment suspension. Plaintiff remained on the suspension for two weeks during which time she did not receive her normal employment compensation and did not receive accompanying benefits including medical benefits for her and her family.

15. Plaintiff is one of a small number of African Americans working in a precinct consisting of mostly non-minority personnel. This incident is merely the most recent in a series of discriminatory practices that non-minority co-workers have had to face in similar circumstances.

16. During the time in which Plaintiff lost her benefits, her son was unable to attend a

medically necessary testing on a bilateral hydro nephritis kidney condition, and her husband incurred medical bills in the amount of $4,000 for medically necessary back treatments.

17. As a result of the arrest, Plaintiff was repeatedly required to attend court on a monthly basis from September 2007 through April 2008 to answer these charges. In April 2008, the court dismissed the complaint.

18. Plaintiff's health was adversely affected by the stress resulting from the humiliation she suffered as a result of the arrest, prosecution, and damage to her professional reputation. This stress has directly impacted her by causing significant weight gain and a diagnosis of hypertension.

19. The criminal charge against plaintiff FELICIA LE SANE was dismissed on or about April 15, 2008.

20. As a result of the above-mentioned acts of Defendant Sergeant ALEXANDER O. CROUCH, Plaintiff FELICIA LE SANE suffered deprivation of her liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and psychological anguish, including, but not limited to, humiliation, medical impairments, discomfort and impairment of enjoyment of life, and loss of benefits and/or wages.

21. The above-mentioned acts were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the individual police officer defendants under color of law. Plaintiff alleges that defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are liable for the unlawful detention, false arrest and

unlawful imprisonment under a theory of Respondeat Superior. Similarly, defendant CITY OF NEW YORK is liable for maliciously prosecuting plaintiff under a theory of Respondeat Superior. This is because, among other reasons, defendant CITY OF NEW YORK has tolerated and permitted a pattern of illegal and racially discriminatory actions against persons, including unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers. As a result, New York City police officers are encouraged to believe that they can violate the rights of persons with impunity.

22. At all times mentioned herein, defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to plaintiff's rights.

### FIRST CAUSE OF ACTION
### Violation of Plaintiffs' Federal Constitutional Rights

23. Plaintiff FELICIA LE SANE repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 22 with the same force and effect as if more fully set forth at length herein.

24. The detention of plaintiff without probable cause was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment to the United States Constitution and deprived plaintiff of her liberty.

25. The seizure and deprivation of plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of the above-mentioned unlawful, and malicious acts committed by the individual police officer defendant, he committed under color of their authority as a sergeant within the New York City Police Department, and while acting within that capacity, plaintiff suffered deprivation of her liberty physical, professional and emotional damage, all of which is in violation of her rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. §§1983, 1985, 1986 and 1988.

27. As a further result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendant, plaintiff was deprived of her rights and immunities secured by the Constitution and laws of the State of New York including, but not limited to, her right to be secure in her person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

28. Subjecting plaintiff to false arrest, imprisonment and prosecution, the defendant directly violated the rules and regulations of the New York City Police Department.

29. That by reason of the foregoing, plaintiff suffered physical and/or emotional injuries all to her damage in the sum of Two Hundred Fifty Thousand Dollars.

## SECOND CAUSE OF ACTION
### False Arrest

30. Plaintiff FELICIA LE SANE repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 29 with the same force and

effect as if more fully set forth at length herein.

31. The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiff's rights under the Constitution and laws of the State of New York.

32. The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement. In addition, plaintiff did not consent to the confinement and such confinement was not otherwise privileged.

33. The individual police officer defendant was at all times an agent, servant, and employee acting within the scope of his employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for his conduct.

34. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

35. That by reason of the foregoing, plaintiff suffered serious physical and/or emotional and/or injuries all to his damage in the sum of Two Hundred Fifty Thousand Dollars.

### THIRD CAUSE OF ACTION
### False Imprisonment

36. Plaintiff FELICIA LE SANE repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The above-mentioned acts and conduct committed by the defendants constituted false imprisonment and defendants violated plaintiff's rights under the Constitution and

laws of the State of New York.

38. The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement. In addition, plaintiff did not consent to the confinement and such confinement was not otherwise privileged.

39. The individual police officer defendant was all times an agent, servant, and employee acting within the scope of his employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

40. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

41. That by reason of the foregoing, plaintiff suffered physical, emotional and professional injuries all to her damage in the sum of Two Hundred Fifty Thousand Dollars.

## FOURTH CAUSE OF ACTION
### Negligence

42. Plaintiff FELICIA LE SANE repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The above-mentioned acts and conduct committed by the individual police officer defendant constituted negligence his failure to prevent the unlawful seizure, arrest, imprisonment and malicious prosecution of plaintiff, failure to investigate the false allegations made against plaintiff, failure to interview potential witnesses and failure

to otherwise handle the situation properly pursuant to the procedures and guidelines set forth by defendant NEW YORK CITY POLICE DEPARTMENT, despite having a reasonable opportunity to do so.

44. That by reason of the foregoing, plaintiff suffered physical and/or emotional and/or professional injuries all to her damage in the sum of Two Hundred Fifty Thousand Dollars.

## FIFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

45. Plaintiff FELICIA LE SANE repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. Defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individual police officer defendants who were unfit for the performance of police duties on the date, time and place of this incident.

47. The failure of the Mayor of the City of New York and the Police Commissioner of the New York City Police Department to adequately hire, retain, train, supervise, discipline, or in any other way control the behavior of the individual police officer defendant in the exercise of his police functions, and his failure to enforce the laws of the State of New York and the regulations of the New York City Police Department is evidence of the reckless disregard for the rights of the public,

including plaintiffs, and exhibited a lack of degree of due care which a prudent and reasonable individual would show in executing the duties of the Mayor and Police Commissioner.

48. Such conduct was carried out willfully, wantonly, maliciously and with reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiff.

49. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

50. That by reason of the foregoing, plaintiff suffered serious physical and/or emotional and/or professional injuries all to her damage in the sum of Two Hundred Fifty Thousand Dollars.

## JURY DEMAND

51. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demand the following relief jointly and severally against all defendants as follows:

(1) On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS.

(2) On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS.

(3) On the THIRD CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS.

(4) On the FOURTH CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS.

(5) On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS.

(6) That plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

(7) That plaintiff has such other and further relief as this Court shall deem just and proper.

Dated: June 27, 2008
New York, New York

THOMAS B. DONALDSON, ESQ. (TBD 1219)
Donaldson, Chilliest & McDaniel, LLP
Plaintiff's Attorneys
103 East 125th Street, Suite 1102
New York, New York 10035
(212) 722-4900